IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,784-01






EX PARTE DANIEL E. IGO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2002-400004 IN THE 137TH DISTRICT COURT


FROM LUBBOCK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and
sentenced to twenty years' imprisonment. The Seventh Court of Appeals affirmed his conviction.
Igo v. State, No. 07-02-00484-CR (Tex. App.-Amarillo, Nov. 30, 2004, pet. granted). 

 Applicant contends that his Sixth Amendment right to confrontation was violated and that
trial counsel rendered ineffective assistance. We believe that this application was prematurely
forwarded to this Court and should be remanded to the trial court for findings of fact and conclusions
of law. 


 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 Applicant appears to be represented by counsel. If Applicant is not and the trial court elects
to hold a hearing, it shall determine whether he is indigent. If he is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's
counsel was deficient and, if so, whether Applicant was prejudiced. The trial court shall also make
findings of fact as to whether Applicant's Sixth Amendment right to confrontation was violated. The
trial court shall make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 18, 2008

Do not publish